In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00107-CR

                                                ______________________________

 

 

                                    DAVID HEATH FOUSE,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 8th Judicial District Court

                                                           Hopkins County, Texas

                                                          Trial Court
No. 0820355

 

                                                        
                                          

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                     MEMORANDUM 
OPINION

 

            David
Heath Fouse has filed an appeal from six convictions.  Three are for the first degree felony of
aggravated sexual assault on a child (under fourteen—B.P.), and three are for
the second degree felony of sexual assault on a child (under seventeen—R.R. and
C.J.).  A single brief has been filed to
address all six appeals.  Fouse testified
at trial.  He admitted that he was
convicted in 1999 of the felony offense of assault on a peace officer and the
state jail felony offense of burglary of a building, and admitted having sexual
intercourse with B.P. and C.J.   

            In
this case, Fouse was accused of sexually assaulting R.R., a child younger than
seventeen years of age,[1]
a second degree felony enhanced by one prior conviction, causing punishment to
be assessed at the first degree level. 
According to R.R., Fouse entered into her home without invitation and
used force to sexually assault her.  At
that time, Fouse’s best friend had recently broken up with R.R., who was
fifteen years old; at that point, in 2008, Fouse was twenty-seven years
old.  Fouse denied having any
relationship of any sort with R.R.  The
jury found him guilty and assessed punishment for that act at sixty years’
imprisonment.

            On
appeal, Fouse raises a single issue:  contending
that we should reverse and remand his conviction for sexual assault on a child
as to victim R.R.  He argues that the
evidence is factually insufficient to support the verdict.  

            In
a factual sufficiency review, we review all the evidence, but do so in a
neutral light instead of the light most favorable to the verdict.  We determine whether the evidence supporting
the verdict is either too weak to support the fact-finder’s verdict, or,
considering conflicting evidence, is so outweighed by the great weight and
preponderance of the evidence that the jury’s verdict is clearly wrong and
manifestly unjust.  Laster v. State,
275 S.W.3d 512, 518 (Tex. Crim. App. 2009); Lancon v. State, 253 S.W.3d 699, 705 (Tex. Crim.
App. 2008); Roberts v. State,
220 S.W.3d 521, 524 (Tex. Crim. App. 2007).[2]

            In
this case, the testimony of R.R. and Fouse is diametrically opposed.  Fouse contends he never went to R.R.’s house
during the relevant time period and never had any sexual relationship with
her.  R.R. testified that Fouse not only
had sexual relations with her when she was fifteen years of age, but also that
he used force in doing so.  This is
precisely the kind of situation that calls on a jury to evaluate the evidence
and arrive at a decision about the facts. 
Even if contradictory witness testimony may be compelling, the jury is
the sole judge of what weight to give to such testimony.  Lancon, 253 S.W.3d at 705.  We should afford “almost complete deference
to a jury’s decision when that decision is based upon an evaluation of
credibility.”  Id. (citing Marshall v. State, 210
S.W.3d 618, 625 (Tex. Crim. App. 2006)). 
Here, the jury determined R.R.’s testimony was the more credible of the
two.

            The
jury had evidence before it from which it could have reached one of two
diametrically different conclusions.  It
exercised its function as the trier of facts, there is evidence to support its
finding, and the contrary was not proven by the great weight and preponderance
of the evidence to such an extent that the verdict is clearly wrong and
unjust.  See Sells v. State, 121 S.W.3d 748, 754 (Tex. Crim. App.
2003).  The evidence is thus factually
sufficient to support the verdict.

            We
affirm the judgment.

 

 

                                                                        Jack Carter

                                                                        Justice

 

Date Submitted:          April
28, 2010

Date Decided:             April
29, 2010

 

Do Not Publish

 











[1]Tex.
Penal Code Ann. § 22.011(a)(2)(A) (Vernon Supp. 2009). 





[2]In
this analysis, we use a hypothetically correct jury charge to evaluate both the
legal and factual sufficiency of evidence.  Grotti v. State, 273 S.W.3d 273 (Tex.
Crim. App. 2008).  Such a charge
accurately sets out the law, is authorized by the indictment, does not
unnecessarily increase the State’s burden of proof or unnecessarily restrict
the State’s theories of liability, and adequately describes the particular
offense for which the defendant was tried. 
Villarreal v. State, 286 S.W.3d 321 (Tex. Crim. App. 2009); Malik
v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).